COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-296-CR
 
DAVID C. ELLZEY A/K/A DAVID C. ELLERY       
           
           
           
    APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
       
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
David C. Ellzey, a/k/a David C. Ellery,
appeals his conviction by a jury of the offense of aggravated robbery with a
deadly weapon. The court assessed his punishment at forty-five years in the
Texas Department of Criminal Justice, Institutional Division. He contends in a
single issue that he was deprived of effective assistance of counsel in
violation of the Sixth Amendment of the United States Constitution and article
1, section 10, of the Texas Constitution. We affirm.
Appellant complains of the following
errors on the part of his counsel:  (1) failing to object to testimony of a
detective concerning the degree of certainty by which the victim identified him
from a photographic array; (2) failing to object to the detective's testimony
that, once the victim identified the appellant, identity was no longer an issue;
(3) failing to object to testimony by the detective that he attempted to speak
with appellant following his arrest and that he could not make the defendant
tell him who other actors in the offense were; (4) failing to object to
testimony by the detective that he discovered appellant's name in a criminal
history record; and (5) failing to object to testimony by a witness that
appellant had threatened to kill him and his wife.
We apply a two-pronged test to ineffective
assistance of counsel claims. Strickland v. Washington, 466 U.S. 668,
687 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999). First, appellant must show that his counsel's
performance was deficient; second, appellant must show the deficient performance
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at
2064.
In evaluating the effectiveness of counsel
under the first prong, we look to the totality of the representation in the
particular circumstances of each case. Thompson, 9 S.W.3d at 813. The
issue is whether counsel's assistance was reasonable under all the circumstances
and prevailing professional norms at the time of the alleged error. Strickland,
466 U.S. at 688-89, 104 S. Ct. at 2065. "[C]ounsel is strongly presumed to
have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment." Id. at 690, 104 S.
Ct. at 2066. An allegation of ineffective assistance must be firmly grounded in
the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 814. Our scrutiny of counsel's
performance must be highly deferential, and every effort must be made to
eliminate the distorting effects of hindsight. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065.
The second prong of Strickland
requires a showing that counsel's errors were so serious that they deprived the
defendant of a fair trial, i.e., a trial whose result is reliable. Id.
at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a
reasonable probability that, but for counsel's unprofessional errors, the result
of the proceeding would have been different. Id. at 694, 104 S. Ct. at
2068. A reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. The ultimate focus of our inquiry must
be on the fundamental fairness of the proceeding whose result is being
challenged. Id. at 697, 104 S. Ct. at 2070.
In the majority of instances, the record
on direct appeal is simply undeveloped and cannot adequately reflect the
failings of trial counsel. Thompson, 9 S.W.3d at 813-14. Where, as
here, the record is silent as to counsel's reason for failing to object, an
appellant fails to rebut the presumption that this was a reasonable decision. Id.
at 814. Consequently, appellant has failed to show that his counsel's
performance was deficient.
Appellant urges that there could not have
been any trial strategy involved in failing to object to the evidence of which
he complains, but, after examining the record with respect to each of those
matters, we disagree and conclude that his suggestion amounts to no more than
speculation. We overrule issue one.
The judgment is affirmed.
 
                                                                       
PER CURIAM
 
PANEL F: JOHN HILL, J. (Retired, Sitting
by Assignment); CAYCE, C.J.; and DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: April 10, 2003

1. See Tex. R. App. P. 47.4.